IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANIMEX FOODS SP. Z. O.O. SP.K )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BELMONT SAUSAGE COMPANY )<br>)<br>Defendant. ) | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Animex Foods Sp. Z o.o. sp.k. ("Animex" or "Plaintiff"), by its attorneys, Reed Smith LLP, makes this Complaint against Defendant, Belmont Sausage Company ("Defendant").

## THE PARTIES

1. Plaintiff, Animex Foods Sp. Z o.o. sp.k., is a limited liability company organized and existing under the laws of Poland, with its principal place of business located at Morliny 15 PL-14-100 Ostróda, Poland.

2. Upon information and belief, Defendant, Belmont Sausage Company, is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 2201 Estes Avenue, Elk Grove Village, Illinois 60007.

## JURISDICTION AND VENUE

3. This action is for federal trademark infringement, unfair competition, and false designation of origin involving claims arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and for trademark infringement, unfair competition, injury to business reputation and deceptive trade practices involving claims arising under the Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*, and the common law.

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and 1338(a). This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction over Plaintiff's state law claims based on the principles of pendant jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

5. Defendant is subject to the personal jurisdiction of this Court with respect to the claims asserted herein because, on information and belief, Defendant: (i) has and continues to intentionally and knowingly sell and market infringing products in this district, knowing that such sales and marketing are likely to cause consumer confusion and harm to Animex; (ii) is incorporated in Illinois; (iii) maintains a registered agent in Illinois; and (iv) conducts business and has its principal place of business located within this district.

6. Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district, and the asserted claims arise from Defendant's conduct within this district, including the transaction of business and the promotion and sale of products bearing the allegedly infringing trademarks.

## GENERAL FACTUAL ALLEGATIONS

7. Animex is Poland's largest producer and exporter of pork, poultry, and processed meat products. With ten meat processing plants throughout Poland, and a total of 8,600 employees, Animex now delivers its products to more than 40 countries worldwide, including the United States, and has annual revenues of 1.49 billion USD. *See* Exhibit A.

8. In connection with this business, Animex has, for nearly two decades, extensively used the trademark BERLINKI in Poland to advertise, promote and sell its hot dog products. Plaintiff has also extensively used the BERLINKI trademark in the United Kingdom, Ireland, Germany, Lithuania, the Czech Republic, Slovakia, Sweden, Romania, Hungary, Denmark, and

Hong Kong. Plaintiff's extensive advertising and promotion of its BERLINKI-branded hot dogs feature the use of Internet (including the www.berlinki.com website) and print advertising, social media, television commercials, food trucks, and presentations made to customers and prospective customers at trade shows, summits and conferences.

9. As a result of Plaintiff's use, sale, and promotion of the BERLINKI trademark over the last two decades, there is widespread awareness and fame of the BERLINKI trademark in Poland.

10. Since its adoption of the BERLINKI trademark in 1999, Animex has naturally and systematically expanded the geographic footprint for the distribution of its goods.

11. In or around July 2017, Animex began selling BERLINKI-branded hot dogs in the United States, and made an initial shipment of nearly 22,000 pounds of BERLINKI-branded hot dogs to Lowell International, an Illinois-based importer, wholesaler, and distributor of best of category Polish foods.

12. In or around August 2017, Lowell International began distributing BERLINKI-branded hot dogs to various retailers in Illinois and New Jersey, including, without limitation, domestic, international, Polish and Eastern European grocery stores. Since then, the sale and distribution of BERLINKI-branded products has greatly expanded. Today, BERLINKI-branded products are distributed in more than twenty different states, including, Illinois, New Jersey, Indiana, Michigan, Wisconsin, Ohio, Tennessee, Missouri, Iowa, Minnesota, New York, Massachusetts, Pennsylvania, Texas, Georgia, Florida, Colorado, Arizona, New Mexico, Washington, Oregon, and California.

13. Though Animex has only been selling BERLINKI-branded hot dogs in the United States for approximately one year, it has had extensive sales and has sold in excess of 400,000

pounds of such products due, in part, to the fame and recognition in at least the large Polish communities within the U.S., including those who live in or around New York and Chicago.

14. Animex continues to spend a substantial amount of money and effort to promote the products sold under the BERLINKI trademarks, and, therefore, Animex fully expects that U.S. sales of BERLINKI-branded products will continue to increase over time.

15. BERLINKI-branded hot dogs have also become the most popular hot dog brand in Poland and are the category leader in terms of sales quantity and quality. Due to Animex's extensive and continuous use of the BERLINKI trademark, the BERLINKI name and marks have become famous and/or well known among at least the relevant Polish consumers in the United States (as well as in Poland), and are recognized by the public as being uniquely associated with Animex.

## THE BERLINKI TRADEMARKS

16. Since at least as early as 1999, Animex has used the BERLINKI trademark—which is fanciful and inherently distinctive—in Poland as a source identifier for its hot dog products. Animex began using the BERLINKI trademark in the United States in 2017 due, in part, to the fame, recognition, and commercial success of the BERLINKI brand in Poland, and consequently in at least the relevant Polish communities within the United States.

17. In addition to United States common law rights, Animex is the owner of two U.S. trademark applications for BERLINKI and MORLINY BERLINKI (& Design), Serial Nos. 79/229,236 and 79/234,728, which cover meat, charcuterie, sausages and hot dog sausages in International Class 29. Trademark Electronic Search System reports from the United States Patent and Trademark Office ("USPTO") database regarding these applications, which are

extensions of Animex's Madrid Protocol registrations, Nos. 1394941 and 1408242, are attached as Exhibit B.

18. Animex, through its predecessors-in-interest, is also the owner or licensee of eleven trademark registrations for the BERLINKI mark in Poland and the European Union identified below:

| MARK | REGISTRATION NO. | REGISTRATION DATE | COUNTRY |
|---|---|---|---|
| (BERLINKI easy label) | R.283639 | April 12, 2016 | Poland |
| BERLINKI | R.158179 | November 9, 2011 | Poland |
| (BERLINKI logo) | R.192756 | June 4, 2007 | Poland |
| DUO BERLINKI | R.236850 | April 28 2011 | Poland |
| (Morliny BERLINKI logo) | R.227885 | May 12, 2010 | Poland |
| (Są parówki i są Berlinki script) | R.230614 | July 21, 2010 | Poland |
| SĄ PARÓWKI I SĄ BERLINKI | R.230615 | July 21, 2010 | Poland |
| (BERLINKI classic label) | R.283637 | April 12, 2016 | Poland |
| (Morliny BERLINKI logo) | 010975134 | May 20, 2013 | European Union |
| BERLINKI | 010975126 | February 22, 2013 | European Union |
| (Morliny BERLINKI logo) | 017866626 | July 3, 2018 | European Union |

Copies of these registrations are attached hereto as Exhibit C. Each of the registrations shown in Exhibit C are valid and subsisting, and are evidence of Animex's exclusive right to use said marks in commerce in the applicable country on the goods specified in each registration.

### DEFENDANT'S UNLAWFUL CONDUCT

19. Upon information and believe, Defendant, Belmont Sausage Company, manufactures and distributes sausages, cured meats, smoked meats, canned meats, and other specialty meat products. These products are very similar to and competitive with the pork, poultry, and processed meat products offered by Animex.

20. Upon information and belief, Defendant sells the aforementioned products, including its BERLINKIS-branded hot dogs, to U.S. distributors, which, in turn, distribute Defendant's products to various retailers, such as domestic, international, Polish and Eastern European grocery stores.

21. Upon information and belief, Defendant has been, and continues to be, seeking to capitalize on the fame and renown of Plaintiff's BERLINKI trademarks by distributing Defendant's BERLINKIS-branded hot dogs to the same geographic areas as Animex's BERLINKI-branded hot dogs, such as New York and New Jersey. Defendant also promotes its products via similar marketing channels, including, without limitation, the Internet and various social media platforms such as Facebook, Instagram and LinkedIn. *See*, *e.g.* Exhibit D.

22. In or around February 2018, Defendant, with constructive and, upon information and belief, actual knowledge of Animex's rights in the BERLINKI marks, began promoting and selling hot dog products under the identical BERLINKI mark.

Case: 1:18-cv-06572 Document #: 1 Filed: 09/26/18 Page 7 of 15 PageID #:7

23. In doing so, and in an effort to trade off the exceedingly valuable goodwill that Animex established in the BERLINKI marks, Defendant also copied a key portion of Animex's distinctive trade dress. For example, Defendant adopted product packaging that featured the BERLINKI name in capitalized white letters on a blue background shaped like a rectangle or banner. Images of the parties' respective product packaging are set forth below and attached as Exhibit E.



| **Plaintiff's BERLINKI packaging:** | **Defendant's BERLINKI packaging:** |
|---|---|

24. On February 15, 2018, Animex sent a letter to Defendant, informing it that Defendant's adoption and use of the BERLINKI name is likely to cause consumers to mistakenly assume that Defendant's BERLINKI-branded hot dog/frankfurter products originate or are connected with, or are sponsored, licensed, or approved by Animex. Animex also demanded that Defendant: (1) immediately and permanently discontinue all use of BERLINKI (or similar

variations thereof); (2) refrain from using BERLINKI (or similar variations thereof) in advertising or promotional materials; (3) provide an accounting of all sales of BERLINKI-branded products; and (4) provide written confirmation that Defendant has permanently discontinued all use of BERLINKI. *See* Exhibit F.

25. As a result, Defendant has had actual notice of Animex's superior rights in the BERLINKI mark and its objection to Defendant's use of the same since no later than February 15, 2018. Defendant is also aware of the valuable goodwill and reputation represented and symbolized by Animex's BERLINKI marks, and that Animex's current and prospective consumers rely on Animex's BERLINKI mark to distinguish its products from those of others.

26. In response, Defendant agreed to modify its product packaging. However, to date, Defendant has only made three minor changes to its packaging. It changed the color of the rectangle/banner (from blue to red) that features the BERLINKI name, added an "S" to the BERLINKI mark, and made some of the letters in BERLINKIS lower-cased. Images reflecting these changes—which neither diminish the risk of consumer confusion, nor address the demands made by Animex in its February 15th letter—are set forth below and attached as Exhibit G.

| Defendant's Original Packaging | First Modification to Defendnat's Packaging | Defendant's Current Packaging |
|---|---|---|
| | | |

27. Despite Animex's objections, Defendant has refused to cease use of the BERLINKI mark and similar variations thereof. Defendant also continues to market and sell BERLINKIS-branded hot dogs, thereby willfully infringing Animex's BERLINKI marks.

28. Defendant's use of the BERLINKI and BERLINKIS marks has always been and continues to be without the permission, consent, or authority of Animex. Unless Defendant's infringing conduct is restrained by this Court, it will cause irreparable injury to both Animex and the public, for which there is no adequate remedy at law.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

29. Plaintiff repeats and incorporates herein the allegations of Paragraphs 1 – 28 above, as though fully set forth herein.

30. Defendant has used, and continues to use, the BERLINKI and/or BERLINKIS marks in connection with goods that are identical or closely related to those offered by Animex, namely, hot dogs.

31. Defendant's unauthorized and ongoing use of the BERLINKI and/or BERLINKIS marks in connection with hot dogs is causing, and is like to continue to cause, confusion, mistake, and deception among consumers and therefore constitutes an infringement of Plaintiff's BERLINKI trademark pursuant to 15 U.S.C. § 1114.

32. Defendant's unauthorized and ongoing use of the BERLINKI and/or BERLINKIS marks with full knowledge of Plaintiff's prior rights in the BERLINKI mark and of Plaintiff's objection to use thereof is, upon information and belief, willful and has been done with the intention of trading upon the goodwill built up by Plaintiff in its BERLINKI marks.

33. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm to its valuable BERLINKI trademark. Unless Defendant is permanently

enjoined from further acts of infringement and unfair competition, Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

34. As a direct and proximate result of Defendant's infringement under 15 U.S.C. § 1114, Plaintiff has been injured and is entitled to damages, including, without limitation, Defendant's profits from the sale of infringing goods, actual damages, treble damages, and costs of the suit. Defendant's knowledge of Plaintiff's BERLINKI mark prior to its adoption and use of the BERLINKI mark, and its ongoing marketing and sale of BERLINKIS-branded hot dog products after receiving notice of Plaintiff's objections, also renders this case exceptional and entitles Plaintiff to attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II
## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

35. Plaintiff repeats and incorporates herein the allegations of Paragraphs 1 – 34 above, as though fully set forth herein.

36. Due to Plaintiff's extensive and continuous use of BERLINKI, the BERLINKI name and marks have become famous and/or well known among relevant Polish consumers in the United States (as well as in Poland), and achieved such status before Defendant adopted and began using the BERLINKI and BERLINKIS marks.

37. Defendant has used, and continues to use, the BERLINKI and/or BERLINKIS marks in connection with goods that are identical or closely related to those offered by Animex, namely, hot dogs.

38. Defendant's unauthorized and ongoing use of the BERLINKI and/or BERLINKIS marks is causing, and is likely to continue to cause in the future, confusion, mistake or deception as to the affiliation, connection, or association of Defendant or its products with Plaintiff, and as

to the origin, sponsorship or approval of Defendant's goods, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

39. Defendant's unauthorized and ongoing use of the BERLINKI and/or BERLINKIS marks with full knowledge of Plaintiff's prior rights in the BERLINKI mark and of Plaintiff's objection to use thereof is, upon information and belief, willful and has been done with the intention of trading upon the goodwill built up by Plaintiff in its BERLINKI marks.

40. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm to its valuable BERLINKI trademark. Unless Defendant is permanently enjoined from further acts of infringement and unfair competition, Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

41. As a direct and proximate result of Defendant's infringement under 15 U.S.C. § 1125(a), Plaintiff has been injured and is entitled to damages, including, without limitation, Defendant's profits from the sale of infringing goods, actual damages, treble damages, and costs of the suit. Defendant's knowledge of Plaintiff's BERLINKI mark prior to its adoption and use of the BERLINKI mark, and its ongoing marketing and sale of BERLINKIS-branded hot dog products after receiving notice of Plaintiff's objections, also renders this case exceptional and entitles Plaintiff to attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT III
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## IN VIOLATION OF ILLINOIS COMMON LAW

42. Plaintiff repeats and incorporates herein the allegations of Paragraphs 1 – 41 above, as though fully set forth herein.

43. Plaintiff began selling BERLINKI-branded hot dogs before Defendant commenced its infringing conduct, and possesses superior common law rights in the inherently distinctive BERLINKI mark under the common law of the State of Illinois.

44. Defendant's unauthorized and ongoing use of the BERLINKI and/or BERLINKIS marks to promote, market, and sell its hot dog products is causing, and is likely to continue to cause in the future, confusion among existing and prospective consumers.

45. Defendant's unauthorized and ongoing use of the BERLINKI and/or BERLINKIS marks with full knowledge of Plaintiff's prior rights in the BERLINKI mark and of Plaintiff's objection to use thereof is, upon information and belief, willful and has been done with the intention of trading upon the goodwill built up by Plaintiff in its BERLINKI marks.

46. By virtue of Defendant's actions complained of herein, Defendant has infringed upon Plaintiff's BERLINKI mark, and has improperly traded on the goodwill associated therewith in violation of the common law of the State of Illinois.

47. As a direct and proximate result of Defendant's infringement, Plaintiff has suffered irreparable harm to its valuable BERLINKI trademark. Unless Defendant is permanently enjoined from further acts of infringement and unfair competition, Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

48. As a direct and proximate result of Defendant's infringement under the common law of the State of Illinois, Plaintiff has been injured and is entitled to damages, including, without limitation, Defendant's profits from the sale of infringing goods, actual damages, costs of the suit and attorneys' fees.

**COUNT IV**
**VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT,**
**815 ILCS 510/1 *ET SEQ*.**

49. Plaintiff repeats and incorporates herein the allegations of paragraphs 1 through 48 above, as though fully set forth herein.

50. Defendant has engaged in conduct which creates a likelihood of confusion or misunderstanding in violation of 815 ILCS 510/2.

51. Defendant's unauthorized and ongoing use of the BERLINKI and/or BERLINKIS marks in connection with its hot dog products constitutes a deceptive trade practice in that, as alleged previously, those acts in trade and commerce use and employ practices that violate 815 ILCS 510/2.

52. Defendant's deceptive trade practices have caused, and if not restrained by this Court, will continue to cause Plaintiff irreparable injury for which Plaintiff has no adequate remedy at law.

53. Defendant's unauthorized and ongoing use of the BERLINKI and/or BERLINKIS marks with full knowledge of Plaintiff's prior rights in the BERLINKI marks and of Plaintiff's objection to the use thereof is, upon information and belief, willful and has been done with the intention of trading upon the goodwill built up by Plaintiff in its BERLINKI mark. Accordingly, costs of the suit and attorneys' fees should be assessed against Defendant pursuant to 815 ILCS 510/3.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant as follows:

A. Judgment be entered that Defendant has infringed Plaintiff's BERLINKI marks pursuant to 15 U.S.C. § 1141(1) and 15 U.S.C. § 1125(a), and in violation of Illinois common law, has committed acts of unfair competition in violation of 15 U.S.C. § 1125(a) and Illinois common law, and has committed deceptive trade practices in violation of 815 ILCS 510/1 *et seq.*;

B. Judgment be entered permanently enjoining Defendant and each of its officers, members, employees, owners, managers, agents, attorneys, successors, servants, subsidiaries, related entities, licensees, and assigns, and all persons acting in concert with any of the foregoing, from:

  (i) selling, offering for sale, advertising, or promoting any goods or services that infringe Plaintiff's BERLINKI marks, including under the term BERLINKIS;

  (ii) doing any other act or thing that is likely to induce the belief that Defendant or Defendant's products are endorsed or sponsored by, affiliated with, or associated in any way with Plaintiff; and

  (iii) applying to register the term BERLINKI, or any trademark, service mark, or trade name that is confusingly similar to Plaintiff's BERLINKI mark, including the term BERLINKIS.

C. Judgement be entered requiring Defendant to deliver up and destroy all packaging, labels, literature, advertising and other material bearing the infringing BERLINKI and/or BERLINKIS designations.

D. Defendant be held liable and ordered to account for and pay to Plaintiff:

  (i) treble actual damages or Defendants' profits pursuant to 15 U.S.C. § 1117(a) based on Defendant's willful infringement of Plaintiff's BERLINKI marks;

  (ii) all gains, benefits, and advantages derived from Defendant's wrongful use, misappropriation, and infringement of the Plaintiff's BERLINKI marks;

  (iii) all losses and damages, including lost profits and costs for corrective advertising, suffered by Plaintiff as a result of Defendant's wrongful use and infringement of Plaintiff's BERLINKI marks, including pre-judgment and post-judgment interest and costs pursuant to 15 U.S.C. § 1117; and

  (iv) Plaintiff's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

E. Judgment be entered granting Plaintiff damages and such other and future relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, Animex Foods Sp. Z o.o. sp.k., hereby demands a trial by jury on all issues.

Dated: September 26, 2018

Respectfully submitted,

/s/ John A. Cullis
John A. Cullis, Esq.
Joshua W. Newman, Esq.
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL 60606-7507
Tel: 312-207-1000
Fax: 312-207-6400
jcullis@reedsmith.com
jnewman@reedsmith.com

Matthew P. Frederick, Esq. (*pro hac vice pending*)
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel: 215-851-8100
Fax: 215-851-1420
mfrederick@reedsmith.com

*Attorneys for Animex Foods Sp. Z o.o. sp.k.*